UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RYANT TRIMALE PRATT, | ) | Case No. CV 13-7806 R (MRW) |
| Petitioner, | ) | |
| vs. | ) | ORDER DISMISSING ACTION |
| R. GROUNDS, Warden, | ) | |
| Respondent. | ) | |

\* \* \*

The Court vacates the reference of this action to the Magistrate Judge and summarily dismisses the action pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rule of Civil Procedure 41.

\* \* \*

This is a state habeas action. According to the petition, a jury convicted Petitioner of murder at trial in <u>1997</u>. The petition discloses that Petitioner filed a

timely appeal in state court after his conviction.[1] (Petition at 2.) Petitioner did not pursue additional post-conviction relief until he initiated state habeas proceedings in 2012. (Petition at 3-4.) The California Supreme Court recently denied Petitioner's habeas petition by reference to In re Robbins, 18 Cal. 4th 770, 780 (1998), which signifies that his habeas action was untimely as a matter of state law. See In re Pratt, No. S211224 (Cal. July 24, 2013).

Petitioner commenced this federal habeas action in October 2013. Petitioner raises two challenges to his 1997 conviction: the trial court's refusal to allow a defense witness to testify, and ineffective assistance of counsel by appellate counsel for failing to raise this issue on direct appeal.

Magistrate Judge Wilner reviewed the petition in the present action shortly after its filing. Judge Wilner directed Petitioner to submit a supplemental statement as to why the action should not be dismissed because the action: (a) appeared to be untimely under AEDPA; and (b) was procedurally barred based on the state supreme court's ruling. (Docket # 3.) Judge Wilner further informed Petitioner that, if he sought equitable tolling of the federal habeas limitations period, he should explain his claim and submit evidence in support of it. (Docket # 3 at 2.)

Petitioner submitted a timely response to the Court's screening order. (Docket # 7.) Petitioner broadly stated that he was entitled to equitable tolling. However, he provided no evidence or detail in support of that claim. Instead,

---

[1] In the petition, Petitioner disclosed that he appealed his conviction to the California Court of Appeal, but denied filing a petition for review in the California Supreme Court. However, according to the state appellate court's online docket system, the state supreme court denied Petitioner's petition for review in his case in September 1998. See People v. Pratt, No. S072417 (Cal. Sept. 16, 1998).

2

Petitioner merely repeated his innocence to the murder charge (although he makes no claim of newly discovered evidence regarding his case) and asserted that his due process claim warrants federal habeas consideration. (Id.) Petitioner did not address the issue of his procedural default in state court at all.

\* \* \*

Under AEDPA, state prisoners have a one-year period within which they must seek federal habeas review of their habeas claims. 28 U.S.C. § 2244(d)(1). In habeas actions, district courts "have the authority – though not the obligation –" to consider the timeliness of petitions under AEDPA "on their own initiative." Wood v. Milyard. ___ U.S. ___, 132 S. Ct. 1826, 1834 (2012). Where the prisoner "is accorded a fair opportunity to present his position," a district court may determine "whether the interests of justice would be better served by addressing the merits [of an untimely habeas petition] or by dismissing the petition as time barred." Id. (quotations omitted).

The AEDPA limitations period is generally triggered when state court appellate review becomes final, or under other specific conditions set forth in the statute. 28 U.S.C. § 2244(d)(1)(A-D); Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011). AEDPA's statutory limitations period may be tolled for equitable reasons "in appropriate cases." Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). Equitable tolling of the one-year statute of limitations may apply in situations where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Equitable tolling requires a considerable evidentiary showing to a federal court, and is "unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1007 (9th Cir. 1999).

If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service

on the responding party.  28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

From the face of the petition, it is clear that Petitioner's action is untimely under AEDPA and cannot lead to relief.  Petitioner's conviction became final in December 1998 after the denial of his petition for review on direct appeal.  He then waited over a decade to seek additional review of his conviction in state court. Petitioner presented his federal petition nearly 15 years after his conviction became final, which was well after the termination of his one-year limitations period under AEDPA.

Judge Wilner offered Petitioner the opportunity to demonstrate why this Court should equitably consider the untimely petition.  Petitioner's brief response to the offer was entirely devoid of any information, detail, or evidence that could plausibly demonstrate that Petitioner was entitled to equitable tolling of the long-expired limitations period.  Petitioner's cursory request fails to approach the high standard – "extraordinary" circumstances that made it "impossible" for the prisoner to seek timely habeas review – required to establish equitable tolling.  Petitioner also made no attempt to explain why he was entitled to federal review of a claim that the state supreme court found to be defaulted because of untimeliness.  Finally, there is nothing about the nature of Petitioner's case that justifies consideration of his long-time-barred claims.

1   The petition and Petitioner's subsequent filing make clear that Petitioner is
2 not entitled to pursue federal habeas relief for his criminal conviction in this long-
3 dormant case.  The action is therefore DISMISSED with prejudice.
4   IT IS SO ORDERED.

6 DATED: December 18, 2013

7   _____
8   HON. MANUEL L. REAL
    UNITED STATES DISTRICT JUDGE

5